Appellant Richard A. Lakin appeals from his convictions in the Lorain County Court of Common Pleas on one count of rape and two counts of gross sexual imposition. This Court affirms.
In September 1985, Lakin married Diana Lakin, who had two children from two previous marriages: her daughter, Jennifer Murawski, who was ten years old at the time, and her son, James Pozone, who was four years old at the time. The family lived in Elyria, Ohio, until 1987, when they moved to Lorain, Ohio.
When Jennifer was eleven years old, she participated in a baton twirling troupe. After she became concerned about her weight, Lakin offered to help her lose weight. About every two weeks, after Jennifer showered, she would present herself to Lakin dressed only in a towel. Lakin would then use a measuring tape to measure Jennifer's chest, waist, hips, and thighs, with the towel removed. The measurements were always completed with Lakin's hands on Jennifer's front. The measurement process would last twenty minutes, with Lakin lingering over Jennifer's breasts and vagina. This activity continued for two or three years. Jennifer did not tell her mother or anyone else about the measurements taken by Lakin.
When Jennifer was fourteen or fifteen years old, after the family moved to Lorain, she was reading a book on her bed one evening. As she read, Lakin entered the room. There was conflicting testimony at trial as to the subsequent sequence of events, but at some point Lakin struck her with a baton. He also removed Jennifer's clothes below the waist and vaginally penetrated her. There was also testimony that while he engaged in intercourse with Jennifer, Lakin told her that it was for her own good. He then left the room. Jennifer testified that Lakin had intercourse with her every month or so for about four years. Jennifer did not report these activities to her mother or anyone else.
In 1992, Lakin left the family, and he and Mrs. Lakin were divorced in 1993. After the divorce, Jennifer continued to speak with Lakin, often initiating contact with him.
In 1996, Jennifer married Michael Cathey. In February 1997, Jennifer was having an argument with Cathey. During that argument, she told him that Lakin had molested her when she was younger; she testified that this was the first time she had told anyone about the incidents with Lakin. The next day, Jennifer told Mrs. Lakin. Soon thereafter, Jennifer reported the incidents with Lakin to the police.
On April 22, 1997, Lakin was indicted on six counts of rape, in violation of R.C. 2907.02(A)(2), and two counts of gross sexual imposition, in violation of former R.C. 2907.05(A)(3).[1]
Lakin pleaded not guilty to the charges.
A jury trial was held on February 9 and 10, 1998. On February 11, 1998, the jury found Lakin guilty on one count of rape and two counts of gross sexual imposition and not guilty on the remaining five counts of rape. The trial court sentenced Lakin accordingly.
Lakin timely appeals, asserting three assignments of error.
Assignment of Error No. I
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT WHEN IT GRANTED THE APPELLEE'S MOTION IN LIMINE TO PREVENT THE VICTIM'S ESTRANGED HUSBAND FROM TESTIFYING ABOUT A THREAT MADE TO HIM BY THE VICTIM.
 In his first assignment of error, Lakin argues that the trial court erred in granting the state's motion in limine to preclude certain testimony from Jennifer and from Michael Cathey. Prior to the cross-examination of Jennifer by Lakin's counsel, the state moved to prevent any questioning about a statement made by Jennifer to her husband that she would invent charges of sexual molestation against him just as she had done against Lakin. The trial court granted the motion; the issue was not raised further on cross-examination. The state also successfully precluded any questioning about the alleged false accusation during Lakin's direct examination of Cathey. Lakin contends that the trial court's ruling was erroneous under the spousal testimonial privilege. His argument is not well taken.
Appellate courts are generally not concerned with motions inlimine because they are only temporary and do not reflect a final determination by the trial judge. Phillips v. Agarwal (Sept. 5, 1990), Summit App. No. 14361, unreported.
 [A] ruling on a motion in limine does not preserve an error for appeal. An appellate court need not determine the propriety of an order granting or denying a motion in limine, unless the claimed error is preserved by an objection, proffer, or ruling on the record at the proper point during the trial.
 State v. Rohr (Dec. 30, 1998), Summit App. No. 18908, unreported, citing State v. Maurer (1984), 15 Ohio St.3d 239, 259, fn. 14.
During the cross-examination of Jennifer and the direct examination of Cathey, Lakin's counsel did not attempt to offer the relevant questions or proffer what the testimony would be. Therefore, Lakin's first assignment of error has not been properly preserved for our review and is overruled.
Assignment of Error No. II
 RICHARD ALLEN LAKIN'S RIGHT TO DUE PROCESS OF LAW, AS GUARANTEED BY THE FOURTH, FIFTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION AND ARTICLE I[,] SECTIONS 10 AND 16 OF THE OHIO CONSTITUTION, WAS DENIED WHEN THE TRIAL COURT DENIED APPELLANT'S CRIMINAL RULE 29 MOTION FOR ACQUITTAL ON EVIDENCE WHICH WAS INSUFFICIENT AS A MATTER OF LAW.
 In his second assignment of error, Lakin contends that the trial court erroneously denied his motion for acquittal under Crim.R. 29 as to the one conviction for rape and the two convictions for gross sexual imposition. This Court disagrees.
Crim.R. 29(A) provides that a trial court "shall order the entry of a judgment of acquittal * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." A trial court may not grant an acquittal by authority of Crim.R. 29(A) if the record demonstrates that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt. State v. Wolfe
(1988), 51 Ohio App.3d 215, 216, citing State v. Bridgeman (1978),55 Ohio St.2d 261, syllabus. In making this determination, all evidence must be construed in a light most favorable to the prosecution. Wolfe, 51 Ohio App.3d at 216.
R.C. 2907.02(A)(2) states: "No person shall engage in sexual conduct with another when the offender purposely compels the other person to submit by force or threat of force." Sexual conduct includes "vaginal intercourse between a male and a female[.]" R.C. 2907.01(A).
Viewing the evidence in a light most favorable to the state, this Court finds that there was sufficient evidence to support the conviction for rape. Jennifer testified that, on the first occasion when Lakin sexually assaulted her, he struck her with a baton, forcibly removed her clothing below her waist, and engaged in intercourse with her. Her testimony regarding this incident was sufficient to permit the trial court to deny the motion for acquittal.
Former R.C. 2907.05(A)(3) stated: "No person shall have sexual contact with another, not the spouse of the offender[,] * * * when * * * [t]he other person * * * is less than thirteen years of age, whether or not the offender knows the age of such person." Sexual contact includes the touching of a female's breast or of the pubic region or genitals of another "for the purpose of sexually arousing or gratifying either person." R.C. 2907.01(B).
This Court concludes that there was sufficient evidence presented on the two charges of gross sexual imposition to survive a Crim.R. 29 motion. The two convictions were based on Lakin taking Jennifer's measurements. When the measurement-taking began, Jennifer was under the age of thirteen. During the measurements, Lakin touched Jennifer's breasts and her vagina. In addition, a reasonable jury could find that the slow and deliberate manner in which the measurements were taken demonstrated that Lakin had acted for the purpose of his own sexual gratification.
The trial court did not err by denying Lakin's motion for acquittal. Accordingly, the second assignment of error is overruled.
Assignment of Error No. III
 RICHARD ALLEN LAKIN'S RIGHT TO DUE PROCESS OF LAW, AS GUARANTEED BY THE FOURTH, FIFTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION AND ARTICLE I[,] SECTIONS 10 AND 16 OF THE OHIO CONSTITUTION, WAS DENIED WHEN HE WAS CONVICTED OF AND SENTENCED FOR THE CRIME OF RAPE ON EVIDENCE WHICH WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 Lakin argues in his third assignment of error that his conviction on one count of rape was against the manifest weight of the evidence. He asserts that there was conflicting testimony as to what Jennifer was wearing the night of the rape and that there was testimony that Jennifer had told several other people that Mrs. Lakin wanted her (Jennifer) to invent sexual molestation charges against Lakin. Based on these conflicts, Lakin argues that his conviction should be reversed. This Court disagrees.
When a defendant asserts that his conviction is against the manifest weight of the evidence,
 an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
 State v. Otten (1986), 33 Ohio App.3d 339, 340. This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. Id. A conviction is not against the manifest weight of the evidence merely because there is conflicting evidence before the trier of fact. State v. Gilliam (Aug. 12, 1998), Lorain App. No. 97CA006757, unreported.
The state's primary witness was Jennifer. In addition to the incidents that were mentioned above, she also testified as to other things that Lakin had done, such as asking her to bring him coffee while he sat naked in the bathtub and having her rub his inner thighs while he was wearing only a towel. Jennifer's half-brother James Pozone gave testimony that corroborated her thigh-rubbing testimony. He stated that on one occasion he saw Lakin lying on a bed, dressed in only a towel, with Jennifer kneeling between his legs, but with no contact occurring between the two. The state also presented the testimony of police officers who were involved in the investigation, Mrs. Lakin, and a psychologist Jennifer saw for therapy sessions.
On cross-examination of the state's witnesses and in Lakin's case-in-chief, his counsel brought out inconsistencies between Jennifer's testimony and a taped statement that she had made to a police officer approximately a month after telling Mrs. Lakin about the incidents with Lakin. Lakin presented the testimony of Michael Cathey, Jennifer's estranged husband, who did not believe the allegations against Lakin. There was also testimony from several people who said that they were at a jet-ski party with Jennifer when she told them that Mrs. Lakin wanted Jennifer to invent sexual molestation charges against Lakin.
The state offered rebuttal testimony from the police officer who took Jennifer's taped statement, who testified that Cathey was supportive of Jennifer during the taping of the statement and that he prompted her at times during the taping. There was also testimony from Mrs. Lakin's brother, who stated that, shortly after Jennifer disclosed Lakin's activities with her, Cathey was visibly upset and vomited several times.
After reviewing the evidence presented to the jury, this Court concludes that the jury did not clearly lose its way by finding Lakin guilty of rape. While there may have been conflicts in the testimony, the evidence was not overwhelmingly in Lakin's favor. The jury's province is the resolution of conflicting evidence and the credibility of witnesses. See State v. DeHass
(1967), 10 Ohio St.2d 230, paragraph one of the syllabus. This case does not present the extraordinary circumstance that requires reversal of a conviction. The third assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ DONNA J. CARR FOR THE COURT
BAIRD, P.J. and BATCHELDER, J. CONCUR
[1] The indictment referenced the version of the statute in effect at the time of the incidents involving Lakin taking Jennifer's measurements. This provision is now R.C.2907.05(A)(4).